**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| CHRISTY ACKLES <br><br><br> Plaintiff(s) <br><br> v. <br><br> ELI LILLY and COMPANY, and LILLY USA, LLC, <br><br><br> Defendant(s). | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Christy Lynn Ackles                                                    .

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                    ,

as                                         of the estate of                                    , deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                    .

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:  N/A                                                    .

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

                Novo Nordisk Inc.

                Novo Nordisk A/S

    ✓        Eli Lilly and Company

    ✓        Lilly USA, LLC

                other(s) (identify):

**JURISDICTION AND VENUE**

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Ashland, Alabama

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Alabama

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Alabama

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Ashland, Alabama

10.    Jurisdiction is based on:

✓    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Northern District of Alabama

3

12.     Venue is proper in the District Court identified in Paragraph 11 because:

   ___✓___     a substantial part of the events and omissions giving rise to

                Plaintiff(s)' claims occurred there;

   _____     other (plead in sufficient detail as required by applicable rules):

13.     If applicable, identify the citizenship of any additional Defendant(s) named above:

4

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

|  |  |
|---|---|
| _____ | Ozempic (semaglutide) |
| _____ | Wegovy (semaglutide) |
| _____ | Rybelsus (oral semaglutide) |
| _____ | Saxenda (liraglutide) |
| ____✓____ | Trulicity (dulaglutide) |
| _____ | Mounjaro (tirzepatide) |
| _____ | Zepbound (tirzepatide) |
| _____ | other(s) (identify): |

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Trulicity, 10/2022 - 07/2024

5

## INJURIES AND DAMAGES

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

✓     Gastroparesis

_____   Other gastro-intestinal injuries (specify):

_____   Ileus

_____   Ischemic Bowel/Ischemic Colitis

_____   Intestinal Obstruction

_____   Necrotizing Pancreatitis

_____   Gallbladder Injury (specify)

_____   Micronutrient Deficiency

_____   Wernicke's encephalopathy

_____   Aspiration

_____   Death

_____   Additional/Other(s) (specify):

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

July 2024

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✓     Injury to self

         Injury to person represented

    ✓     Economic loss

         Wrongful death

         Survivorship

         Loss of services

         Loss of consortium

         other(s) (specify):

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

✓    Court I:        Failure to Warn – Negligence

✓    Count II:       Failure to Warn – Strict Liability

✓    Count III:      Breach of Express Warranty/Failure to Conform to Representations

✓    Count IV:       Breach of Implied Warranty

✓    Count V:        Fraudulent Concealment/Fraud by Omission

✓    Count VI:       Fraudulent/Intentional Misrepresentation

✓    Count VII:      Negligent Misrepresentation/Marketing

✓    Count VIII:     Strict Product Liability Misrepresentation/Marketing

✓    Count IX:       Innocent Misrepresentation/Marketing

_____    Count X:        Unfair Trade Practices/Consumer Protection (see below)

✓    Count XI:       Negligence

✓    Count XII:      Negligent Undertaking

✓    Count XIII:     State Product Liability Act (see below)

_____    Count XIV:      Wrongful Death

_____    Count XV:       Loss of Consortium

_____    Count XVI:      Survival Action

_____    Other(s)        (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

8

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

     a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

     N/A

     b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

     N/A

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

      a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

      Alabama Extended Manufacturer's Liability Doctrine (AEMLD)

      b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

      N/A

      c.  Identify the factual allegations supporting those claims:

Plaintiff incorporates fully herein by reference all factual allegations in the Master Complaint in support of her claims under the AEMLD. Plaintiff also incorporates fully herein by reference the following paragraphs of the Master Complaint in support of her AELMD claims: ¶¶641-674 (Count II-Strict Liability-Failure to warn). Plaintiff suffered injury and damages to herself proximately caused by Defendants' product Trulicity that was in a defective condition unreasonably dangerous to Plaintiff and not fit for its intended use. Defendants were engaged in the business of manufacturing and the selling of Trulicity and Defendants' product, Trulicity, reached Plaintiff without substantial change in the condition in which it was sold. Defendants owed a duty to warn Plaintiff because Defendants knew that their product Trulicity was unreasonably dangerous when put to its reasonably intended use. Defendants did not adequately warn Plaintiff of the dangers associated with the use of their product, including but not limited to gastroparesis.

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?    N/A        . If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 06/23/2026

By: /s/ John E. Tomlinson

John E. Tomlinson (TOM014)

DeGaris Law LLC

2 North 20th Street, Suite 1030

Birmingham, AL 35203

Phone: 205-575-8000

jtomlinson@degarislaww.com